Fowler
*v.*
Rice.

---

## Ezra Sacket *versus* Martin Wheaton.

Upon a complaint under *St.* 1825, *c.* 89, by a landlord against a tenant, to recover possession of a "house or tenement," it is not competent to the defendant who has paid rent to the complainant, to allege that the complainant was disseised by the defendant's refusal to pay the rent any longer.

And, *it seems,* that such a complaint may be maintained by the person having the right of possession, against a party in possession without right, whether the relation of landlord and tenant had subsisted between them or not.

The word *tenement,* in the statute above mentioned, is used in an enlarged sense, and signifies land, as well as a house or building.

By virtue of *St.* 1826, *c.* 70, a complaint under *St.* 1825, *c.* 89, does not abate by the death of the complainant ; and a purchaser who would be entitled to bring a new suit to recover possession, may be admitted to prosecute the complaint.

THIS was a complaint before a justice of the peace, under *St.* 1825, *c.* 89, entitled an "act providing further remedies for landlords and tenants."

Upon a case stated in the Court of Common Pleas, it appeared, that about twenty years ago the defendant, with the assistance of the plaintiff, erected a house on the plaintiff's land ; and he paid the plaintiff rent for the land until ten or

twelve years since, when he refused, on the ground that the land he occupied was in the highway. The plaintiff owned the land on both sides of the way.

The defendant objected, that he was a disseisor, and that a complaint under this statute would not lie to recover *land* ; the words of the statute being " a house or tenement " ; but the objections were overruled ; whereupon the defendant excepted.

In this Court the death of the complainant was suggested, and it was stated that Sacket had devised the land, and that the devisee had sold it to C. C. Dewey , and thereupon Dewey was admitted, *de bene esse*, to come in and prosecute the complaint.

*Sept. 24th.*     *Blair*, for the plaintiff, cited *St*. 1829, *c*. 89, § 1 ; *St*. 1835, *c*. 114 ; Howe's Pract. 84, 85 ; *St*. 1826, *c*. 70, § 1. [See Revised Stat. *c*. 60, *c*. 93, and *c*. 104.]

*W. G. Bates*, for the tenant, cited to the point, that the plaintiff might elect to consider the defendant as a disseisor, and that at any rate the relation of landlord and tenant between the parties had been terminated, and therefore the complaint could not be sustained, 2 Bl. Com. 145 ; *Boston* v. *Binney*, 11 Pick. 7 ; *Willison* v. *Watkins*, 3 Peters's Supr. C. Rep. 43 ; *Balls* v. *Westwood*, 2 Campb. 11 ; 4 Kent's Comm. 104.

WILDE J. afterward drew up the opinion of the Court. It is agreed that about twenty years before the commencement of the action the defendant, with the plaintiff's consent and assistance, erected a house on the plaintiff's land, and continued to pay rent for the land to the plaintiff for eight or ten years, when he refused, setting up a claim that the land he occupied was in the highway. But it is agreed that the plaintiff owns the land on both sides of the highway, and the presumption is, nothing appearing to the contrary, that the right to the soil, subject to the right of passage in the public, is in the plaintiff. His title to the land being thus admitted, the question is, whether he can recover possession in this form of action.

The first objection is, that the plaintiff was disseised by the defendant's refusal to pay rent, and that thus the relation be ·

tween them, of landlord and tenant, was terminated. If this objection could prevail, it would always be in the power of a tenant to defeat his landlord's remedy under the statute, by renouncing his title, and the manifest intention of the legisla ture would fail. But there seems to be no ground for this objection. For as the defendant came into possession with the plaintiff's consent, and paid rent to him, thus admitting his title, he is not at liberty to renounce it without restoring possession ; or if he were, it would not deprive the plaintiff of his remedy under the statute. And, moreover, we are of opinion that if the defendant had entered without the plaintiff's consent, and the relation of landlord and tenant had never existed between the parties, still this action might be maintained. The words of the statute are comprehensive enough to include all tenants or occupants of houses or tenements who hold the same without right, whether they hold by a pretended title adverse to the plaintiff's or not. If the tenant has no right of possession, and that right is in the plaintiff, the case comes within the words of the statute, and as it seems to us, within its true meaning.

The next question is, whether, admitting that the plaintiff is not the owner of the building occupied by the defendant, he has a right to recover possession of the land demanded, in this form of action. This depends on the meaning of the word *tenement*, as used in the statute.

The word *tenement* is frequently used in a restricted sense, as signifying a house or building ; but it is also used in a much more enlarged sense, as signifying land, or any corporeal inheritance, or any thing of a permanent nature which may be holden ; and as this is a remedial statute, and is to be liberally construed, we think the word *tenement* is to be understood in its most enlarged signification, so that the beneficial effects of this speedy remedy may be extended as far as may be, consistently with the language of the statute.

The only remaining question is, whether, after the death of Sacket, C. C. Dewey was rightfully admitted to prosecute the suit ; and we are of opinion that he was. By *St.* 1826, c. 70, it is enacted, that in all actions for the recovery of lands, tenements, or hereditaments, the writ or suit shall not

abate by the death or other disability of the demandant, but if a sole demandant die, his or her heir, or such other person as would, in case the action were abated, be entitled to commence the like action, may on motion be permitted to prosecute the suit accordingly.

This also is a remedial statute, and should be construed liberally, if a liberal construction were necessary. But it appears that Dewey had purchased the property demanded of Sacket, is now the owner, and could well maintain a new action to recover possession ; so that he comes within the plain meaning, and indeed within the express words of the statute.

*Judgment of Court of Common Pleas affirmed.*